IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC WIDNER,<br><br>    *Plaintiff*,<br><br>v.<br><br>THT TRUCKING LLC, BRYAN YATES, and NAVIGATORS INSURANCE COMPANY,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:24-cv-00157-TES |

**ORDER GRANTING MOTION FOR SANCTIONS**

Before the Court is Plaintiff Eric Widner's Motion to Compel and Motion for Sanctions [Doc. 13] filed as a result to Defendants THT Trucking LLC and Bryan Yates' failure to provide full and complete responses to Plaintiff's discovery requests. [Doc. 13, pp. 1–2]. This case arises from a collision between a dump truck owned by Defendant THT Trucking and operated by Defendant Yates. [Doc. 14, p. 1]. The dump truck collided with the rear of Plaintiff's vehicle. [*Id.*]. In their Response [Doc. 14], Defendant THT Trucking and Yates state that they "are not contesting that Defendant Yates was at fault for the collision while he was in the course and scope of his employment with THT Trucking" and that only "the proximate cause of Plaintiff's injuries . . . and damages" are at issue. [*Id.*].

Federal Rule of Civil Procedure 37 "provides generally for sanctions against

parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1970 Amendment. If a party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3). Further, Rule 37 also allows for sanctions against those unjustifiably resisting discovery. Fed. R. Civ. P. 37(b) & (d)(2)(A).

Here, it is apparent that Defendant THT Trucking has made some efforts to comply with Plaintiff's discovery requests by serving "belated amended and supplemental responses," but Defendant Yates, for all intents and purposes, has not. [Doc. 14, p. 1]. Despite ample time and opportunity to do so, Defendant Yates has failed to provide adequate responses to Plaintiff's discovery requests. [*Id.* at pp. 1–2].

Upon review of the parties' briefs and with the benefit of oral argument on December 10, 2024, the Court finds, pursuant to Rule 37(d), that Defendants THT Trucking and Yates have willfully refused to answer or properly respond to Plaintiff's discovery requests and that sanctions are warranted.[1] Fed. R. Civ. P. 37(d) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

---

[1] The Court notes that Defendant THT Trucking and Yates' failure to properly answer or respond to Plaintiff's discovery requests is through no fault of their counsel, who according to Plaintiff's counsel, has be nothing short of professional in the midst of this discovery dispute.

2

the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Further, from Defendant THT Trucking and Yates' brief in response to Plaintiff's Motion and from the arguments made during the Court's hearing, there is no substantial justification for Defendant THT Trucking and Yates' failure to provide complete discovery responses. *See generally* [Doc. 14]. Therefore, an award of attorney's fees is also appropriate. Accordingly, the Court **GRANTS** Plaintiff's Motion for Sanctions [Doc. 13] as follows.

First, with respect to Defendant Yates, the Court **STRIKES** his Answer [Doc. 4] as permitted by Rule 37(b)(2)(iii) (permitting a court to "strik[e] pleadings in whole or in part"). Consequently, Defendant Yates, having executed a waiver of service on June 14, 2024, is now in default, and the Court **DIRECTS** the Clerk of Court to make an entry of default on the record. [Doc. 3]; *see* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent[.]"); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff is **ORDERED** to move for default judgment against Defendant Yates within 21 days of the date of this Order via a motion for default judgment that must be accompanied by a supporting brief detailing the factual allegations Defendant Yates is deemed to have admitted from the Complaint [Doc. 1] as

a result of his default. *See* Fed. R. Civ. P. 55(b).

Second, as for Defendant THT Trucking, the Court **ORDERS** THT Trucking to pay Plaintiff's counsel $4,000 in attorney's fees as a result of the discovery dispute. This fee amount is comprised of 13 hours of necessary and reasonable work expended in connection with the discovery dispute in this case at $300/hour plus $100 in reasonable expenses. The Court finds that this amount is fair, reasonable, and customary within the geographical region based on Plaintiff's counsel's experience.

**SO ORDERED**, this 11th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**